UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

TYRONE WESLEY,

              Petitioner,

v.                                                            Case No. 09-CV-550

MICHAEL THURMER,

              Respondent.

_____

## ORDER

The petitioner, Tyrone Wesley ("Wesley") was convicted of armed robbery, attempted armed robbery, and possession of a firearm as a felon in Milwaukee County Circuit Court in June of 2006. *State v. Wesley*, 2008 WI App 99, ¶ 1 (Ct. App. 2008). Instrumental to Wesley's conviction was evidence found by police at the apartment of the petitioner's stepfather, including a firearm, clothing that was identified by the victims of the robbery as those worn by the perpetrator, and the victims' stolen possessions. *Id.* at ¶ 1-9. After entering the apartment with Wesley's stepfather's consent, the police found the petitioner, arrested him, and acquired the firearm via a protective sweep of a closet in the room where Wesley was arrested. *Id.* at ¶ 2. The police gained access to the remaining items after Wesley's stepfather provided the police with consent to search the remainder of the apartment. *Id.* at ¶ 9. The state trial court granted Wesley's motion to suppress the gun, concluding that the police did not have consent to conduct a protective sweep. *Id.* However, the trial court did not exclude the remaining evidence, finding that the consent search

was not tainted by the initial protective sweep. *Id.* On appeal, the Wisconsin Appeals Court affirmed the conviction, but on different grounds. The Appeals Court, noting that the police entered the apartment with the consent of the stepfather, held that the initial protective sweep, regardless of whether consent was provided for it, was legally acceptable under the search incident to arrest exception to the warrant requirement of the Fourth Amendment, obviating any reason to examine whether the search for the firearm tainted the subsequent searches by the police. *Id.* at ¶ 12.

Following the unsuccessful appeal in the Wisconsin state court system, Wesley filed this petition on June 1, 2009, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Wesley asserts that both the Milwaukee Circuit Court and the Wisconsin Court of Appeals committed errors in assessing the relevant facts regarding the constitutional efficacy of the searches that yielded the incriminating evidence that was used to convict Wesley. Pursuant to Rule 4 of the Rules governing § 2254 Cases, on June 8, 2009, Magistrate Judge William E. Callahan recommended that the petition be dismissed. Magistrate Callahan ultimately concluded that, because the state courts both carefully analyzed the bases for Wesley's Fourth Amendment claims and properly applied the necessary legal analysis in making their determinations, Wesley was afforded an opportunity for a "full and fair litigation" of his claim. On June 15, 2009, the petitioner timely objected to the recommendation.

-2-

Case 2:09-cv-00550-JPS   Filed 09/18/09   Page 2 of 8   Document 5

When provided with a magistrate's recommendation and a timely objection, a district court is required to conduct a *de novo* determination of whether the petitioner has set forth constitutional or federal law claims and exhausted available state remedies. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). However, a district court judge must make a *de novo* determination "only of those portions of the magistrate judge's disposition to which specific written objection is made." *Id.* If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error. See *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd*, 126 F.3d 926, 943 (7th Cir. 1997).

Wesley lists three specific, but nearly identical, written objections to Magistrate Callahan's recommendation. In his first objection, Wesley, borrowing from a dissenting opinion in his court of appeals case, contends that the state court's factual determinations on the Fourth Amendment illegal search issue were so lacking that this court must conclude that the state courts did not carefully and thoroughly analyze the record. Wesley's second objection argues that "egregious errors" were made by the state courts because of a "lack of fact finding." (Pet'r's Obj. 1). Finally, in Wesley's third objection, he asserts, without further explanation, that the state courts failed to "carefully and throughly analyze the facts and failed to apply the

proper constitutional case law to the facts." (Pet'r's Obj. 2). This court can only assume that Wesley's objections to the factual analysis by the state courts relate to the petitioner's argument from his first legal memorandum that consent was never provided to police to enter and search his stepfather's apartment.

Notably, Wesley does not object to Magistrate Callahan's assessment of the standard of review for Fourth Amendment claims that have already been adjudicated in the state court, nor does this court have a "definite and firm conviction" that the magistrate made an error in his statement of the law under the Fourth Amendment. In fact, quite the opposite is true. Judge Callahan rightfully noted the limited nature of habeas review of a state court's assessment of an illegal search. The Supreme Court has explained that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 487-88 (1976). This circuit has explained that an "opportunity for full and fair litigation" of a Fourth Amendment claim "guarantees the right to present one's case, but it does not guarantee a correct result." *Cabrera v. Hinsley*, 324 F.3d 527, 532 (7th Cir. 2003). As the magistrate noted, the focus of habeas review is not on *how* the state court evaluated the evidence that was presented to it, but rather is on *whether* the petitioner was denied the "right to have a judge listen to and consider the evidence a party actually presents at trial." *Brock v. United States*, 573 F.3d

-4-

497, 501 (7th Cir. 2009); *Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005) ("[Petitioner] simply asks us to disagree with the state courts' decision, a path that *Stone* closes.")

Given the standard for habeas review of Fourth Amendment claims that have already been adjudicated in a state court, the only question that remains is whether the petitioner had a full and fair opportunity to litigate his arguments in the state court system. Nothing in the record, nor in Wesley's petition to this court, nor in his objections to Magistrate Callahan's recommendation indicates that the petitioner was denied the opportunity to present his evidence regarding the Fourth Amendment issue. While the petitioner may disagree with the evidentiary assessments done by the state courts, both of whom agreed that the police's initial entry into the apartment of Wesley's stepfather was done with the consent of the occupant of the residence, it is not for this court to second guess the decisions of the state courts who had to grapple with conflicting evidence to resolve Wesley's claims. It is especially proper to afford deference to the trial judge who had the exclusive benefit of observing first-hand the witnesses who testified at the hearings on the Fourth Amendment issue and was able to evaluate the credibility of such testimony.

The petitioner asserts in his objection to the magistrate's recommendation that the dissenting judge on the Wisconsin Court of Appeals concurred with him that there was a "lack of necessary fact finding, requiring remand to the trial." (Pet'r's Obj. 2). However, the Wisconsin Court of Appeals is not limited in reevaluating the

-5-

factual findings of the state court in the same fashion as this court is in this habeas review. More importantly, the petitioner takes the dissenting judge's comments out of context: the dissenting judge made the statement about the necessity of further factual findings with regard to the second issue on appeal, concluding that more factual development was needed to determine whether the second search was tainted by the initial protective sweep. *Wesley*, 2008 WI App 99, ¶ 13 (Kessler, J., dissenting). No such fact findings were necessary for the majority because the majority did not have to arrive at the second issue in the case because of how it resolved the protective sweep issue. Despite Wesley's assertions, no judge took issue with the trial court's determination that the police initially entered the apartment legally. The dissenting judge disagreed with the majority on a legal issue: without citing to any authority for the proposition, the dissenting judge argued that a protective sweep as an incident to arrest requires a showing of cause by the government. *Id.* at ¶ 16. Such an assertion directly contradicts the precedent of the United States Supreme Court and Wisconsin law. *Maryland v. Buie*, 494 U.S. 325, 333 (U.S. 1990) ("We also hold that as *an incident to the arrest* the officers could, as a precautionary matter and *without probable cause or reasonable suspicion, look in closets* and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched.") (emphasis added); *see also State v. Murdock*, 155 Wis. 2d 217, 222, 455 N.W.2d 618, 620 (1990) ("Therefore, we reject that test and hold that law enforcement officials may conduct a limited search

incident to arrest in the home. That search is reasonable per se if confined to the immediate area surrounding the arrestee at the time of his arrest."); *see also State v. Wood*, 204 Wis. 2d 111 (Ct. App. 1996) ("[O]fficers were also entitled to conduct a 'protective sweep' of the apartment incident to the arrest of the two individuals already in custody...such a search is permitted as a precautionary measure against attack even though probable cause or reasonable suspicion does not support the search.")  In sum, the court of appeals was unanimous in their conclusion that no further factual development was needed by the trial court on the issue of the legality of the police's initial accessing of the apartment, and the only jurist who agreed with Wesley on *any* issue relied on a flawed reading of Fourth Amendment jurisprudence to conclude as such.

As all of Wesley's objections are to the factual evaluations done by the state courts and because there is no reason to think that the state courts did not fairly evaluate the petitioner's evidence, this court agrees with Magistrate Callahan's recommendation and will adopt the recommendation to dismiss Wesley's petition.

Accordingly,

**IT IS ORDERED** that the June 8, 2009 recommendation signed by Magistrate Callahan (Docket #3) be and the same is hereby **ADOPTED**;

Case 2:09-cv-00550-JPS   Filed 09/18/09   Page 7 of 8   Document 5

**IT IS FURTHER ORDERED** that Wesley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket #1) be and the same is hereby **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-8-

Case 2:09-cv-00550-JPS   Filed 09/18/09   Page 8 of 8   Document 5